UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON SANCHEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>AMCO INSURANCE COMPANY, and DOES 1 through 25, inclusive,<br><br>    Defendants. | No. 1:19-cv-01633-NONE-SKO<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. No. 9) |

This matter is before the court on plaintiff's motion to remand this action to state court. (Doc. No. 9.) On November 15, 2019, defendant AMCO removed this action from the Fresno County Superior Court where it was filed by plaintiff to this federal court based on diversity jurisdiction. (Doc. No. 1.) Plaintiff moves for remand contending that defendant's removal of the action was not timely. (Doc. No. 9.) The court has considered the parties' papers and finds it appropriate to rule on plaintiff's motion without oral argument. *See* Local Rule 230(g). For the reasons set forth below, the court will deny plaintiff's motion to remand.

**BACKGROUND**

In his complaint, plaintiff alleges as follows. Plaintiff was insured under a homeowners insurance policy issued by defendant AMCO, an insurance company. (Doc. No. 1, Ex. B at ¶ 6.) That policy included coverage in the event of a fire. (*Id*.) On October 28, 2018, after plaintiff's

1

1  home was damaged by a fire, he requested benefits under his policy.  (*Id*. at ¶¶ 7–8.)  After undue
2  delay (according to plaintiff), defendant denied plaintiff's claim.  (*Id*. at ¶¶ 10–11.)
3     On August 12, 2019, plaintiff filed his complaint in the Fresno County Superior Court.
4  (Doc. No. 1, Ex. B.)  Therein, he alleged claims for breach of contract and breach of the implied
5  covenant of good faith and fair dealing against defendant.  (*Id*. at ¶¶ 20–34.)  Plaintiff alleged
6  specifically that "AMCO is contractually required to pay [plaintiff] the full and complete benefits
7  for the repair and rebuilding of his home, personal property, and additional living expenses."  (*Id*.
8  at ¶ 21.)  Plaintiff also alleged that he "sustained damages in an amount in excess of the
9  jurisdictional minimum limits of [the superior c]ourt," with the exact amount to be established "at
10 the time of trial."  (*Id*. at ¶ 23.)  Ultimately, plaintiff requested damages for emotional and mental
11 distress, economic damages, exemplary damages, and attorney's fees and costs.  (*Id*. at ¶¶ 23, 31–
12 34.)
13    On September 3, 2019, defendant answered plaintiff's complaint, and the discovery phase
14 of the litigation commenced.  (Doc. Nos. 1, Ex. C; 9-1 at 2–3.)  On October 9, 2019, AMCO
15 provided discovery documents to plaintiff, including documents estimating the cost to repair and
16 rebuild plaintiff's home.  (Doc. No. 9-1 at 7.)  On November 6, 2019, plaintiff answered
17 defendant's request for admissions.  (Doc. Nos. 1 at ¶ 22; 11 at 9.)  Among the requests, AMCO
18 asked plaintiff to admit that he believed AMCO contractually owed him in excess of $75,000.
19 (Doc. No. 1, Ex. D.)  Plaintiff admitted that fact.  (*Id*.)
20 On November 15, 2019, six days after plaintiff served his responses to defendant's request for
21 admissions, defendants removed this case to federal court on the basis of diversity jurisdiction.
22 (Doc. No. 1.)  On December 6, 2019, plaintiff filed the pending motion to remand.  (Doc. No. 9.)
23 Plaintiff challenges the timeliness of the removal, contending that his answers to defendant's
24 request for admissions largely repeated information furnished to him by defendant during
25 discovery, meaning defendant knew the amount in controversy before receiving plaintiff's
26 discovery responses and that defendant possessed this knowledge more than thirty days before it
27 attempted to remove the case to this court.  (Doc. Nos. 1, Ex. D; 9-1 at 2–3.)  Defendant opposed
28 /////

the motion to remand on December 23, 2019, and on December 30, 2019, plaintiff filed his reply. (Doc. Nos. 11, 12.)

## LEGAL STANDARD

A defendant may remove a civil case from state court to federal court if the action presents either a federal question, or the parties to the action are citizens of different states and the amount in controversy is over $75,000. 28 U.S.C. §§ 1331, 1441. The defendant "must file notice of removal within one of two thirty-day periods established under 28 U.S.C. § 1446(b)." *Rodriguez v. Boeing Co.*, No. CV 14-04265-RSWL, 2014 WL 3818108, at *3 (C.D. Cal. Aug. 1, 2014) (quoting *Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 694 (9th Cir. 2005)). "[T]he first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face." *Harris*, 425 F.3d at 694. "If removability is not certain, the 30–day period is measured from the point at which a defendant had notice that the case was removable," *Hanson v. Equilon Enterprises LLC*, No. C 14-02674 LB, 2014 WL 3897422, at *4 (N.D. Cal. Aug. 8, 2014), namely, "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper" from which removability may be ascertained, 28 U.S.C. § 1446(b). A plaintiff may move to remand a case if the notice of removal is untimely. 28 U.S.C. § 1447(c).

"The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore–Thomas v. Alaska Airline, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The presumption against removal means that "the defendant always has the burden of establishing that removal is proper." *Id*.

## ANALYSIS

Plaintiff argues that AMCO's removal was untimely because, at the time this action was filed, defendant was already in possession of claim-related documents estimating the cost to rebuild or repair plaintiff's home. (Doc. No. 9-1 at 10–11.) Alternatively, plaintiff contends that defendant's tender of discovery documents to plaintiff constituted defendant's receipt of "other papers" under 28 U.S.C. §1446 ("§ 1446") because the documents included the repair estimates.

3

(*Id*.) Finally, plaintiff asserts that the amount in controversy was plain on the face of his complaint, based on specific statements and the relief requested within the complaint. (*Id*. at 2; 12 at 2–5.)

**A.     "Other Papers"**

Plaintiff raises two arguments that the claim-related documents held by defendant constitute "other papers" for purposes of § 1446. First, plaintiff alleges that the claim-related documents created and held by AMCO were in fact plaintiff's "other papers" as contemplated under § 1446, citing California Insurance Code § 2071. (Doc. Nos. 9-1 at 2, 5–6, 10–11; 12 at 1–2.) Second, plaintiff alleges that defendant's discovery responses, in which defendant produced documents, constitutes defendant's receipt of other papers under § 1446. Plaintiff's contentions are not supported by the law. (Doc. Nos. 9-1 at 7, 12; 12 at 5–6.)

" '[O]ther paper' does not include any document received prior to receipt of the initial pleading." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010). Such documents "cannot trigger the second thirty-day removal period." *Id*. For the simple reason of timing, the claim-related documents held by defendant cannot constitute "other papers." Even if the court agreed that the documents could be deemed "received" under § 1446 simply through possession, an issue the court need not and does not decide, the documents would not constitute "other papers" because of the clear rule announced in *Carvalho*. The documents plaintiff points to were generated by or for defendant prior to receipt of the initial pleading in this action; therefore, the claim-related documents are not "other papers" within the meaning of § 1446.

Plaintiff's citation to California Insurance Code § 2071 does not support his contention either. That code section provides a "standard form of insurance policy" for California. Cal. Ins. Code § 2071. The standard form states, in part: "The insurer shall notify every claimant that they may obtain, upon request, copies of claim-related documents." *Id*. Plaintiff does not cite any case law supporting his contention that this code section deems claim-related documents held by an insurer to of code be the insured's documents. A plain reading of the statute reveals only that a plaintiff is entitled to copies of claim-related documents and nothing more. Being entitled to a copy of a document does not transform it into that party's "other paper."

4

Turning to plaintiff's assertion that defendant's discovery responses are "other papers," formal discovery, unverified documents, and informal communications such as settlement letters have been found to be "other papers" in this circuit for purposes of § 1446. *See, e.g., Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007); *Torres v. Util. Tree Serv., Inc.*, No. 16-CV-03424-BLF, 2017 WL 30561, at *4 (N.D. Cal. Jan. 3, 2017); *DeJohn v. AT & T Corp.*, No. CV 10-07107 DDP EX, 2011 WL 9105, at *2 (C.D. Cal. Jan. 3, 2011). Here, however, the issue is that the second possible 30-day window for removal begins "after *receipt* by the defendant, through service or otherwise" of "other papers" under § 1446. 28 U.S.C. § 1446. The question then is whether defendant's act of disclosing certain documents qualifies as defendant's receipt of "other paper."

Plaintiff has identified only two cases, both from the Western District of Texas, in support of his argument. The first case, *Ayres v. Sears*, 571 F. Supp. 2d 768, 775 (W.D. Tex. 2008), however, does not hold that a defendant has *received* other papers when the *defendant produces* discovery documents at *plaintiff's request*. Instead, the court in that case observed: "If a plaintiff's discovery answers constitutes 'other paper' under § 1446(b), then it is axiomatic that a defendant's discovery answers should also constitute 'other paper.' " *Ayres*, 571 F. Supp. 2d at 775. In fact, the district court in *Ayres* did not discuss the meaning of "receipt" as used in § 1446, and the court did not decide the case on the "other paper" in question, instead deciding the matter on an unrelated legal issue. *Id*. at 773–76. For these reasons, plaintiff's argument based on the decision in *Ayres* is unpersuasive. This court has not located any cases clearly supporting plaintiff's proposition. In the absence of supporting authority, the court does not find that a defendant has received "other papers" under § 1446 when the defendant produces documents in discovery.

The second case relied upon by plaintiff, *Garcia v. MVT Servs., Inc.*, 589 F. Supp. 2d 797 (W.D. Tex. 2008), also does not support plaintiff's argument. In *Garcia*, a defendant claimed not to have received a copy of an order recognizing the voluntary dismissal of non-diverse citizens from the suit, and thus defendant waited until an amended complaint was filed to remove the matter to federal court. *Garcia*, 589 F. Supp. 2d at 800. Yet, during discovery while the case was

still in state court, defendant provided to plaintiffs a copy of plaintiffs' own release and indemnification of the non-diverse parties. *Id*. at 803. Under those circumstances, the court found that "receipt by [d]efendant of a settlement agreement between [p]laintiffs and the nondiverse defendant, which the [p]laintiffs signed and had notarized," satisfied the "other paper" requirement because defendant's possession of the document resulted from a " 'voluntary act by the plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction' and does not represent merely 'subjective knowledge' on behalf of [defendant]." *Id*. at 803–04. That is, the court determined that defendant had notice of the dismissal of the non-diverse defendants through means that involved a voluntary act of the plaintiffs. Here, in contrast, defendant's production of discovery documents to plaintiff did not involve a voluntary act by the plaintiff.

**B.     The Prior Business Relationship**

Plaintiff also argues that his prior business relationship with defendant means defendant was aware of the amount in controversy. (Doc. No. 9-1 at 2, 3–6, 10–11.) He contends that AMCO's obligation to investigate plaintiff's claim, which resulted in repair estimates and other documentation of the loss amount, means AMCO knew the amount in controversy when plaintiff filed his complaint. (*Id*.)

It is well established that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris,* 425 F.3d at 694. As one court has noted:

> A defendant has no duty to investigate, even if he suspects there are grounds for removal or the complaint contains 'clues' as to removability. Plaintiffs bear the risk stemming from their indeterminate pleadings as far as the 30–day clock is concerned.

*Hanson*, 2014 WL 3897422, at *5 (internal citations omitted). Contrary to plaintiff's assertion, defendant was not required to investigate further by consulting its business records in order to determine a probable amount in controversy where plaintiff did not elect to specify an amount in his complaint. As much as plaintiff denies having copies of his claim-related documents prior to discovery, he never avers that he was unaware of the amount of damages or the estimated cost to

6

repair or rebuild his home. (Doc. Nos. 9-1 at 2, 10; 12 at 1-2.)

The court's conclusion is further supported by the following discussion of the *Harris* decision by the Ninth Circuit:

> [The plaintiffs in *Harris*] argued that the defendant "should have looked in its files within the first thirty days" to discover that a named defendant whose presence in the suit frustrated complete diversity of citizenship had died, and therefore should have recognized that the case was immediately removable under 28 U.S.C. § 1332(a). *Harris,* 425 F.3d at 696. Preferring a clear rule, and unwilling to embroil the courts in inquires "into the subjective knowledge of [a] defendant," we declined to hold that materials outside the complaint start the thirty-day clock. *Id.* at 695 (quoting *Lovern v. Gen. Motors Corp.,* 121 F.3d 160, 162 (4th Cir. 1997)).

*Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013). Here, defendant certainly could have looked in its files within the first thirty days to discover that the amount in controversy likely exceeded the removal threshold. However, since the district courts are not to be embroiled in inquiries into subjective knowledge, those materials defendant could have consulted—clearly outside of the complaint—did not start the thirty-day clock under the law. *Id*.

**C.     The Face of the Complaint**

Plaintiff next contends that the substance of his complaint constituted adequate notice of the amount in controversy. (Doc. Nos. 9-1 at 2; 12 at 2–5.) Plaintiff specifically points to his statements that he was seeking benefits for his house, personal property, debris removal, and additional living benefits, and for the "rebuilding" of his house. (Doc. Nos. 9-1 at 10; 12 at 4.) These statements, he argues, coupled with his damages request—which encompassed compensation for emotional and mental distress, economic damages, exemplary damages, and attorney's fees and costs—would put a reasonable defendant on notice that the amount in controversy exceeded $75,000. (*Id*.)

As stated previously, the 30-day removal period under § 1446(b) runs from defendant's receipt of the initial pleading "only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction," which is found in "the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d

7

at 690-91, 694 (internal quotation marks and citation omitted). "[E]ven if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

Plaintiff urges the court to follow what appears to be a limited number of district court cases, that have coupled a defendant's duty to exercise "a reasonable amount of intelligence" in determining the amount in controversy with an acknowledgement of the "litigation realities" of claims requesting multiple types of damages, like those requested in this case. *See, e.g., Rodriguez v. Boeing Co.*, No. CV 14-04265-RSWL, 2014 WL 3818108 (C.D. Cal. Aug. 1, 2014); *Mendoza v. Am. Airlines, Inc.*, No. CV 10-7617 RSWL, 2010 WL 5376375 (C.D. Cal. Dec. 22, 2010). The district courts in these cases have found, for instance, that claims by former employees for backpay and a range of other monetary damages provided sufficient notice of the amount in controversy despite not specifying a dollar amount in the complaint. *Rodriguez*, 2014 WL 3818108, *5-6; *Mendoza*, 2010 WL 5376375, *3. The reasoning of these decisions may be attractive under circumstances in which a defendant appears to have subjective knowledge or, with minimum effort, could ascertain the crucial missing dollar figure—in the employment cases, an employee's salary; here, an estimate to repair or rebuild a home. But as attractive as the reasoning might be, the court is not persuaded it is correct—in this case, at least. Again, it is worth underscoring that the Ninth Circuit has stated a preference for a clear rule, and that "[ ] leaving the window for removal open . . . forces plaintiffs to assume the costs associated with their own indeterminate pleadings." *Kuxhausen*, 707 F.3d at 1141.

Plaintiff has not demonstrated that his case was removable on its face, given that he did not include the amount in controversy in his complaint. Instead, he points merely to allegations in his complaint that are ambiguous. His statement that he "sustained damages in an amount in excess of the jurisdictional minimum limits of [the superior c]ourt," (Doc. No. 1, Ex. B at ¶ 23), may be read to encompass all damages, in which case plaintiff is asserting damages that exceed the jurisdictional limit of California superior courts but that fall below the removal threshold. *See*

*Carvalho*, 629 F.3d at 886.  Likewise, plaintiff's statement that defendant is "contractually required to pay [plaintiff] the full and complete benefits for the repair and rebuilding of his home, personal property, and additional living expenses" gives no sense of the extent of damage to his home.  (*Id*. at ¶ 21.)   Additionally, plaintiffs, as masters of their complaints, may choose for strategic reasons to request less compensation than that to which they believe they are entitled.

For these reasons, the undersigned concludes that the amount in controversy was not clear on the face of plaintiff's complaint without reference to defendant's business records, which defendant was not obligated to consult.  Moreover, defendant's business records did not constitute "other papers," and no persuasive authority supports the contention that defendant's disclosure of documents constituted defendant's receipt of other papers.  In sum:

> [A] defendant may wait until a subsequent pleading or paper discloses the ground for removability before removing (subject to the general one-year outside limit on removal in non–CAFA diversity cases and the 30–day time period that the event triggers).  If a defendant discovers a basis for removability based on its own investigation (and no 30–day window is otherwise triggered under § 1446(b)(1) or (b)(3)), it can remove within the one-year period.  *See Roth v. CHA Hollywood Med. Ctr., L.P.,* 720 F.3d 1121, 1123 (9th Cir. 2013).

*Hanson*, 2014 WL 3897422, at *5.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to remand (Doc. No. 9) is denied.

IT IS SO ORDERED.

Dated:    **September 7, 2020**              _Dale A. Drozd_
                                              UNITED STATES DISTRICT JUDGE